IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00299-PAB-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVIN MILYARD, Warden,
FLLOYD WAID, West CC Manager,
M. NEGLEY, Captain/Shift Commander,
STEVEN BADE, Lt.,
JAMES FRYER, Correctional Officer, and
ANTHONY DECESARO, Grievance Officer,

Defendants.

---

**ORDER**

---

This matter is before me on two motions filed by the plaintiff:

1. **Financial Report, Excusable Neglect/Request Appointed Counsel, Status Report** [Doc. # 42, filed 02/03/2009]; and

2. **Appt. Counsel; Change of Address; and Order to Show Cause** [Doc. #45, filed 03/02/2009].

The Motions are GRANTED IN PART and DENIED IN PART as follows.

The plaintiff requests that he be "excused for the delay in sending the certified financial accounting statement" to show that he has no assets and no means by which to make his monthly filing fee payment. The request is GRANTED. However, in the future, the plaintiff shall, on or before the **15th day of each month** either pay to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no

means by which to make the required payment.

The plaintiff also requests appointment of counsel to represent him in this case. The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. Consequently, this request is DENIED.

Finally, the plaintiff states that his legal paperwork was taken "pending administration segregation hearing" and that he was removed from the general population without cause. *Appt. Counsel; Change of Address; and Order to Show Cause*, p. 2. He requests an "order to show cause why [he] is denied his legal paperwork and the order for removing him from general population." Id. at p. 3. He does not specify why he needs his legal paperwork prior to the hearing.[1] In addition, he does not specify whether or how the removal order is relevant to this

---

[1] The record shows that the defendants have filed motions to dismiss which are fully briefed, and there are no other matters pending.

2

case. The request is DENIED.

IT IS ORDERED that the Motions are GRANTED IN PART and DENIED IN PART as specified.

Dated March 9, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge