IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00299-PAB-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVIN MILYARD, Warden,
FLLOYD WAID, West CC Manager,
M. NEGLEY, Captain/Shift Commander,
STEVEN BADE, Lt.,
JAMES FRYER, Correctional Officer, and
ANTHONY DECESARO, Grievance Officer,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions filed by the plaintiff :

1. **Preliminary Injunction: Fed. R. Civ. P. 65(a)(b)** [Doc. # 50] (the "First Motion"),

and

2. **Amend Preliminary Injunction: Fed. R. Civ. P. 65(a)(b)** [Doc. # 51] (the "Second Motion").

I respectfully RECOMMEND that the Motions be DENIED.

In the First Motion, the plaintiff alleges the following:

He was transferred to Sterling Correctional Facility ("SCF") on February 17, 2009.[1] *First Motion*, ¶ 1. Defendant Milyard is the Warden at SCF. Warden Milyard and Major Waid initiated an administrative segregation hearing for conduct which posed a serious threat to the security of the facility; was necessary to prevent imminent injury to inmates or employees; and stemmed from staff solicitation. *First Motion*, ¶ 2 and attachments. Specifically, Milyard and Waid alleged that the plaintiff solicited a female staff member on November 8, 2008; that he "has three convictions for staff solicitation, two within the last seven months"; and that he has a propensity to solicit female staff.

An Administrative Segregation hearing was held on February 26, 2009, before a two person panel which recommended that the plaintiff not be assigned to administrative segregation for the following reasons:

> Offender Marshall's behavior is documented and has been reviewed by other entities for issues that occurred at these respective facilities and in addition to being reviewed by PPMU. These entities did not recommend Administrative Segregation as SCF is not recommended at this time. However, he is to be cautioned against any further demonstration of this type.

*First Motion*, ¶ 3 and second attachment.

Warden Milyard is the Administrative Head who reviews administrative segregation decisions. He reviewed the decision involving the plaintiff and reversed it. *First Motion*, ¶ 4 and second attachment.

---

[1] The plaintiff was housed at SCF in 2007. *Amended Complaint* [Doc. #12] (the "Complaint"). At the time he filed the Complaint, he was housed at the Crowley County Correctional Facility. Id. at p. 2. He was subsequently transferred to the Buena Vista Correctional Facility. *Second Motion*, ¶ 2. See also *Reply to Defendants' Responses to Fed. R. Civ. P. 65(A) & (B)* [Doc. #63] (the "Reply"), ¶ 1.

The plaintiff claims that he is being forced to send his personal property out of the facility or it will be donated or destroyed. Id. at ¶ 5. The plaintiff seeks a temporary restraining order "to prevent the plaintiff's personal property from being sent out, donated, or distroyed [sic]." Id. He further seeks a preliminary injunction "to have defendant K. Milyard stop the personal retaliation upon this plaintiff." Id. at ¶ 8. He claims that he is suffering irreparable harm because he is losing ten days a month of earned time that would otherwise reduce his sentence. Id.

In the Second Motion, the plaintiff asks:

> How can this plaintiff receive a fair due process hearing review when Kevin Milyard, Warden, initiated the administrative segregation hearing and defendant Milyard is the administrative head at the review. That is not a fair due process.

*Second Motion*, ¶ 4.

The plaintiff complains that he is being denied his television and is being denied a seven day review to be released from administrative segregation. Id. at ¶ 5. He asserts that Warden Milyard is retaliating against him and is using a false Code of Penal Discipline charge to justify holding him in administrative segregation in violation of double jeopardy. Id. at ¶¶ 5-6. He seeks "a court order to have this plaintiff transfered [sic] to a different facility or at the lease [sic] be put in general population, rather then [sic] filing an amended 1983 for the claim of retaliation and harassment, & unfair due process." *Second Motion*, ¶ 10.

In his Reply in support of the motions, the plaintiff states that the property being withheld includes hygiene items that he cannot afford to repurchase; he cannot contact his family because he has no stamps; his one phone call per month is being blocked by the operator; he has had some of his legal mail withheld; staff has read his incoming and outgoing legal mail on a

3

regular basis; he is only receiving two days of recreation per week; his mattress is thin and contains holes; and he has been denied medical treatment. *Reply*, ¶ 9. He claims that these actions violate his Eighth Amendment rights. Id. at ¶ 10. He further states that in violation of his due process rights, he has been denied the right to be present at each of the administrative segregation hearing reviews and has been denied the right to appeal the hearing reviews. Id. at ¶ 11. He also claims that he is being denied due process because he is losing earned time "which will bring this plaintiff's discharge date from 1-30-2011 to 8-30-2010." Id. at ¶ 13.

The plaintiff's claims for injunctive relief are different from the claims asserted in this prisoner civil rights action. The events that form the bases of his Motions occurred in 2009. The Complaint addresses events that occurred in 2007. If the plaintiff wishes to assert a claim for injunctive relief regarding events that occurred in 2009, he must either file a separate complaint raising those issues or g seek leave to amend his complaint to include those claims. He may not use this action to seek an injunction concerning events wholly unrelated to those asserted in the existing complaint, however.

The plaintiff challenges the loss of earned time as lengthening his sentence. The instant action, brought pursuant to section 1983, is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). An action pursuant to section 1983, however, is not the proper mechanism to challenge the fact or length of an inmate's custody. Id. If the plaintiff is seeking to shorten his mandatory release date through restoration of earned time credits, he is not challenging the conditions of his confinement; he is challenging the execution of his sentence. A

challenge to the execution of a sentence must be brought under 28 U.S.C. § 2241.  McIntosh v. Untied States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997).

I respectfully RECOMMEND that the Motions be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 18, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge