IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00299-PAB-BNB

ERIC MARSHALL,

    Plaintiff,

v.

KEVIN MILYARD, Warden,
FLOYD WAID, West CC Manager,
M. NEGLEY, Captain/Shift Commander,
STEVEN BADE, Lt.,
JAMES FRYER, Correctional Officer, and
ANTHONY DECESARO, Grievance Officer,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 85], which recommends that the Court grant the motion to dismiss pursuant to Rule 12(b)(6) filed by defendant Decesaro [Docket No. 22] and the motion to dismiss pursuant to Rule 12(b)(6) filed by defendants Milyard, Waid, Negley, Bade, and Fryer [Docket No. 23]. On September 28, 2009, plaintiff filed timely objections [Docket No. 88] to the Recommendation. Defendants have filed a response [Docket No. 89] to the objections. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

Plaintiff's amended complaint names six defendants and asserts four claims for relief. The magistrate judge addressed the claims one at a time and ultimately recommended that each be dismissed. The magistrate judge, noting that plaintiff did not assert specific claims against defendants Milyard, Waid, and Negley, also addressed any claims against these defendants that could be reasonably inferred from the complaint and found that these too were insufficient. I address each of these claims in turn below.

Plaintiff's amended complaint presents his first claim for relief as one for excessive force against defendant Bade. *See* Prisoner Compl. [Docket No. 12] ("Am. Compl.") at 8-9. The magistrate judge interpreted this claim as invoking the Eighth Amendment, *see* Recommendation of United States Magistrate Judge [Docket No. 85] ("Recommendation") at 5, to which the plaintiff does not object, *see* Objections to Magistrate Recommendation [Docket No. 88] ("Objection") at 2-4 (citing to the standards and case law in Eighth Amendment jurisprudence).

The magistrate judge concluded that, based upon the complaint and the medical report plaintiff attached thereto, the injury about which plaintiff complained was de minimis. Recommendation at 6 (citing, *inter alia*, *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'")). In reaching this conclusion, the magistrate judge noted that plaintiff's averments regarding the force applied were limited allegations that defendant Bade "grabbed his upper arm; cuffed him; and put 'his fingernails deep into the plaintiff's right

2

arm.'" Recommendation at 6 (citing Am. Compl. at 5, 9) (internal alteration marks omitted). In assessing the extent of plaintiff's injuries, the magistrate judge reviewed a medical report which plaintiff cited in his amended complaint and included as an attachment. Recommendation at 6 (citing Am. Compl. at 16). That report lists plaintiff's only injuries as a 3 x 4 centimeter bruise and a 4 x 5 centimeter "red area." Am. Compl. at 16. In his objection, plaintiff disputes the degree of his injury reflected in the medical report, claiming that defendant "Bade cut so deep into . . . plaintiff's arm until blood kept coming out" and that plaintiff now has a "serious physical and emotional scar that still exist today." Objection at 3. This description is completely inconsistent with the medical report that plaintiff attached to the amended complaint and also inconsistent with his own description in the amended complaint, which says nothing about cuts, blood, scars, or serious injuries. Although Federal Rule of Civil Procedure 72(b)(3) states that, in reviewing an objection to a magistrate recommendation on a dispositive motion, "[t]he district judge may . . . receive further evidence," plaintiff's descriptions of his injuries in the objections do not constitute evidence and will not be read into his amended complaint. Because the amended complaint describes only a de minimis use of force, I overrule plaintiff's objection, accept the magistrate judge's recommendation, and dismiss plaintiff's first claim for relief for failure to state a claim.

Plaintiff's amended complaint presents his second claim for relief as one for retaliation against defendants Bade and Fryer. Although the factual basis for the claim references two alleged disciplinary infraction charges against plaintiff which were later dismissed, plaintiff does not seek relief based on such charges. Instead, he seeks relief for defendants' alleged complicity in plaintiff's conviction for a later infraction. The

3

magistrate judge concluded that relief for the stated claim was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). *See* Recommendation at 7-9. Rather than contesting the magistrate judge's conclusions, plaintiff attempts in his objection to change the nature of his claim. He now alleges that his second claim encompassed the dismissed disciplinary infraction charges, challenges which would not violate *Heck v. Humphrey*. Although the Court must read plaintiff's *pro se* complaint liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court is not required to unilaterally amend that complaint in order to salvage a claim when none has been asserted. Therefore, with no valid objection to the magistrate judge's recommendation regarding claim two, the Court accepts the recommendation and dismisses that claim.

Plaintiff's third claim for relief has two parts. The first part alleges that defendant Fryer provided false information to defendant Bade, which gave Bade an "evil motive" and apparently resulted in the alleged injuries to plaintiff. The magistrate judge recommended that this part of the third claim be dismissed as redundant to the first claim. Plaintiff does not appear to object to this part of the recommendation. The second part of the third claim is for "cruel and unusual punishment" against defendant Fryer for "deliberately allow[ing] . . . plaintiff's property to be lost or stolen." Am. Compl. at 10-11. The magistrate judge concluded that the facts alleged evidenced no violation

4

of the Eighth Amendment's prohibition against cruel and unusual punishment. Recommendation at 9-10. Furthermore, in the spirit of the liberality with which *pro se* complaints are read, the magistrate judge also noted that plaintiff's third claim would also fail under the due process clause of the Fourteenth Amendment. *See* Recommendation at 10 n.3.

Plaintiff's objection makes no reference to the Eighth Amendment issue and instead focuses entirely on due process concerns. Plaintiff's objection claims that defendant Fryer – the officer who allegedly "deliberately allowed . . . plaintiff's property to be lost or stolen," Am. Compl. at 11 – "failed to allow . . . plaintiff a hearing on the loss [sic] property that was in the custody of Fryer." Objection at 6. The magistrate judge determined that a due process claim would fail because "the taking of an inmate's property does not implicate the due process clause where an adequate state post-deprivation remedy is available . . . ." Recommendation at 10 n.3. The magistrate judge also noted "that Colorado has provided such a remedy in section 24-10-106(1)(b)." Recommendation at 10 n.3 (citing *Freeman v. Department of Corr.*, 949 F.2d 360, 361-62 (10th Cir. 1991)). Nothing in the amended complaint or the objection suggests that Colorado's post-deprivation remedies were inadequate. *Smith v. Ortiz*, 2006 WL 620871, at *2 (10th Cir. March 14, 2006). As a result, I overrule plaintiff's objection, accept the magistrate judge's recommendation, and dismiss plaintiff's third claim for relief.

Plaintiff fashions his fourth claim for relief as one for "intentional interference" against defendant DeCesaro. *See* Am. Compl. at 11-12. The magistrate judge recommended that this claim be dismissed pursuant to protections of qualified

immunity. *See* Recommendation at 12. Plaintiff makes no objection to the magistrate judge's recommendation as it pertains to the fourth claim. While the Court is not required to conduct de novo review of the portions of the magistrate judge's recommendation to which plaintiff has not objected, *see* Fed. R. Civ. P. 72(b)(3), even under the de novo standard, the magistrate judge's conclusions stand. Therefore, the Court accepts the magistrate judge's recommendation and dismisses plaintiff's fourth claim for relief.

Although plaintiff failed to name defendants Milyard, Waid, or Negley in the context of any of his four stated claims, the magistrate judge also analyzed plaintiff's potential claims against these parties based on the allegations in the amended complaint. Construing the allegations against defendant Negley as potentially invoking the due process clause of the Fourteenth Amendment, the magistrate judge concluded that plaintiff failed to allege a liberty interest for which process was due. *See* Recommendation at 12-14. Plaintiff makes no objection to this conclusion and the Court, upon de novo review, determines the magistrate judge's analysis to be correct. Therefore, the Court accepts the magistrate judge's recommendation and dismisses defendant Negley from this action.

The magistrate judge concluded that plaintiff's amended complaint failed to allege personal participation by either defendant Waid or Milyard in the alleged violations of plaintiff's constitutional rights. Plaintiff makes no objection to this conclusion as it pertains to defendant Waid. I agree with the magistrate judge that plaintiff's allegations regarding defendant Waid are wholly inadequate in stating a claim for relief against defendant Waid. Plaintiff does object to the magistrate judge's

conclusions regarding defendant Milyard. *See* Objection at 6-7. The magistrate judge concluded that plaintiff essentially sought to impose respondeat superior liability on defendant Milyard, a tack which is impermissible under § 1983. *See* Recommendation at 15 (citing *McKee v. Heggy*, 703 F.2d 479, 493 (10th Cir. 1983)). Plaintiff attempts to fit his case into the line of cases which allow for supervisor liability under § 1983.

In order to establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (internal quotation marks omitted). "A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins*, 81 F.3d at 995.

Here, plaintiff argues in his objection that defendant Milyard can be held liable for the harm suffered by plaintiff at the hands of defendant Bade. He does not allege a continuing violation about which defendant Milyard was aware, yet acquiesced in its perpetuation. Therefore, because plaintiff has failed to state a claim against defendant Milyard, I overrule plaintiff's objection, accept the magistrate judge's recommendation, dismiss defendant Milyard from this action.

In accordance with the discussion above, it is

**ORDERED** that plaintiff Eric Marshall's objections [Docket No. 88] are OVERRULED and the Recommendation of United States Magistrate Judge [Docket No. 85] is ACCEPTED. It is further

**ORDERED** that defendant Decesaro's motion to dismiss [Docket No. 22] and defendants Milyard, Waid, Negley, Bade, and Fryer's motion to dismiss [Docket No. 23] are GRANTED. All of plaintiff Eric Marshall's claims against the named defendants are DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). It is

**ORDERED** that judgment shall enter in favor of defendants Milyard, Waid, Negley, Bade, Fryer, and DeCesaro and against plaintiff Eric Marshall on all claims set forth in plaintiff's amended complaint [Docket No. 12]. It is further

**ORDERED** that all other pending motions [Docket Nos. 70, 74, 79, 86] are DENIED as moot.

DATED March 7, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge