IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00299-PAB-BNB

ERIC MARSHALL,

    Plaintiff,

v.

KEVIN MILYARD, Warden,
FLOYD WAID, West CC Manager,
M. NEGLEY, Captain/Shift Commander,
STEVEN BADE, Lt.,
JAMES FRYER, Correctional Officer, and
ANTHONY DECESARO, Grievance Officer,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on defendants' motion to dismiss [Docket No. 113] and plaintiff's response to the order to show cause [Docket No. 119]. Defendants seek dismissal of the case because plaintiff has not filed a change of address, despite being released from the Colorado Department of Corrections to serve his parole in Oklahoma in October 2010, and therefore he has failed to comply with D.C.COLO.LCivR 10.1M. Defendants also state that plaintiff has failed to comply with the Court's order allowing him to proceed *in forma pauperis* because he has not made monthly partial payments of the filing fee or showed cause each month why he cannot. *See* Docket No. 13.

Defendants filed their motion on April 12, 2011, and plaintiff did not respond to the motion. On May 13, 2011, the Court issued an order to show cause to plaintiff,

ordering him to show cause, on or before May 27, 2011, why his complaint should not be dismissed for failure to prosecute. On June 2, 2011, the Court received plaintiff's response to the order to show cause. The certificate of mailing attached to plaintiff's response states that the order was mailed on May 26, 2011. *See* Docket No. 119 at 2.

Although plaintiff's response was filed late, given his pro se status and the fact that it was mailed before the Court's order to show cause deadline, the Court will consider it. Plaintiff states that he was unable to communicate with the Court due to his recently being released from prison and his lack of resources. *See* Docket No. 119. Plaintiff states that he does not intend to abandon this litigation.

The Court thus considers whether, in light of plaintiff's response, dismissal of his case is appropriate. Looking to the factors enumerated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Court finds that it is not. *See In re Hopkins*, 1998 WL 704710 (10th Cir. Oct. 5, 1998) (applying *Ehrenhaus* factors to dismissal for failure to prosecute). These factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* The first *Ehrenhaus* factor does not weigh in favor of dismissal. Plaintiff's failure to comply with Court orders has only slightly prejudiced defendants. Although defendants were required to file motions to dismiss and stay, the Court granted a stay of the briefing following the Tenth Circuit's remand until defendants' motion to dismiss was resolved, and they therefore have not yet been required to

address the merits of the remand.  The second *Ehrenhaus* factor also does not weigh in favor of dismissal.  Plaintiff's failure to comply with Court orders has interfered with the judicial process, as the Court was required to stay briefing on the case and issue an order to show cause; however, this interference has been relatively minimal, only delaying the case for a couple of months.  *See* Docket No. 112 (setting briefing schedule).  Although plaintiff failed to provide this Court with an updated mailing address pursuant to D.C.COLO.LCivR 10.1M, his updated address is now entered in the docket, received from his filings in another case.  The third and fifth *Ehrenhaus* factors, however, do weigh in favor of dismissal.  Plaintiff's pro se status and lack of funds do not excuse him from complying with his obligations to the Court.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff's lack of funds also reduce the efficacy of a lesser sanction, as he will be unlikely to pay any monetary penalty.

The fourth factor, however, cautions against dismissal.  Plaintiff was only warned that his noncompliance would result in dismissal in the Court's order to show cause, to which plaintiff responded.  Plaintiff now appears to be attempting to comply and states that he does not intend to abandon this litigation.  The Court will, therefore, deny defendants' motion to dismiss.  Nonetheless, plaintiff is cautioned to comply with the deadlines for filings in this case and update the Court on any future changes of address.  Future noncompliance will likely warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1.

Defendants also argued that plaintiff's complaint should be dismissed because he failed to comply with the magistrate judge's order granting him leave to proceed

pursuant to 28 U.S.C. § 1915, *see* Docket No. 13, because he had not made monthly partial payments of the filing fee or show cause why he could not since February 22, 2010. Judgment entered in this case on March 7, 2010, the case was appealed, and remanded to the Court on February 22, 2011. Plaintiff has not made any partial payments or submitted documentation relating to his ability to pay since the remand. It is unclear whether 28 U.S.C. § 1915's filing fee requirement still applies to him after his release from prison. *See Carson v. Tulsa Police Dept.*, 266 F. App'x 763, 766-67 (10th Cir. 2008) (noting circuit split on the issue of whether Prison Litigation Reform Act's filing fee requirement applies to inmates after their release, but declining to take a side, as issue was moot). But, in either case, plaintiff must update the Court regarding his financial status. *See Escamilla v. Calif. Dept. of Corrections*, 2010 WL 455012 at *1 (W.D. Okla. Feb. 1, 2010) (noting that "[p]laintiff's release from custody may affect his status to proceed *in forma pauperis*" and therefore the Court directed plaintiff to file an updated *in forma pauperis* motion).

For the foregoing reasons, it is

**ORDERED** that the Order to Show Cause [Docket No. 117] is discharged. It is further

**ORDERED** that defendants' Motion to Dismiss for Failure to Comply with Local Rules and Court Orders Regarding the Filing Fee [Docket No. 113] is **DENIED**. It is further

**ORDERED** that, on or before **July 25, 2011**, plaintiff shall either pay the $350 filing fee or file a motion to proceed *in forma pauperis*, including an affidavit stating all the assets he possesses and that he is unable to pay the fee.  It is further

**ORDERED** that the briefing schedule previously ordered is no longer stayed.  On or before **August 1, 2011**, defendants shall file an opening brief regarding plaintiff's retaliation claim in light of the Tenth Circuit's decision.  This brief shall not exceed fifteen pages.  It is further

**ORDERED** that plaintiff shall file a response brief on or before **August 22, 2011**.  This response shall not exceed fifteen pages.  It is further

**ORDERED** that defendants shall file a reply brief on or before **September 6, 2011**.  This reply shall not exceed ten pages.

DATED July 5, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge