IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00299-PAB-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVIN MILYARD, Warden,
FLLOYD WAID, West CC Manager,
M. NEGLEY, Captain/Shift Commander,
STEVEN BADE, Lt.,
JAMES FRYER, Correctional Officer, and
ANTHONY DECESARO, Grievance Officer,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause [Doc. #124, issued 08/05/2011]. For the following reasons, I respectfully RECOMMEND that this action be DISMISSED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as his advocate, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and he must comply with "relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

At the time the plaintiff initiated this case in February 2008, he was incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility [Doc. #3]. He was permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #13]. The case was dismissed on March 7, 2010 [Doc. #96]. The plaintiff appealed the dismissal [Doc.

#99]. The plaintiff was released from prison to serve parole in Oklahoma in October 2010. On January 31, 2011, the case was remanded on one claim [Doc. #110].

On July 5, 2011, the district judge ordered the plaintiff to "either pay the $350 filing fee or file an updated motion to proceed *in forma pauperis*, including an affidavit stating all the assets he possesses and that he is unable to pay the fee" on or before July 25, 2011. *Order* [Doc. #120] (the "Order"), p. 5.

The plaintiff filed a motion to proceed *in forma pauperis* [Doc. #121] on August 1, 2011--one week after the deadline.[1] The plaintiff is no longer incarcerated. Therefore, he is not entitled to invoke the mailbox rule,[2] and his motion was untimely. Moreover, the plaintiff did not include in his motion an affidavit, as the order required, specifying his assets and demonstrating that he is unable to pay the fee.

I denied the plaintiff's motion to proceed *in forma pauperis*, and I ordered him to show cause why this case should not be dismissed for failure to comply with an order of the court pursuant to D.C.COLO.LCivR 41.1. *Order to Show Cause* [Doc. #124]. I cautioned the plaintiff that failure to show cause on or before August 22, 2011, would result in my recommendation that this case be dismissed.

In response to my Order to Show Cause, the plaintiff states that he is disabled and unable to work. *Motion: Order to Show Cause, to Proceed in Forma Pauperis* [Doc. #125], ¶ 1.

---

[1]The motion to proceed *in forma pauperis* was referred to me on August 2, 2011 [Doc. #123].

[2]The prison mailbox rule applies to an inmate's filing of motions. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a [motion] in the prison's internal mail system will be treated as having 'filed' that [motion] on the date it is given to prison authorities for mailing to the court." Id. at 1165.

However, he still has not provided an affidavit regarding his assets and demonstrating an inability to pay; he does not show good cause why he failed to comply with the court order to timely file a motion to proceed *in forma pauperis*; and he does not show good cause for failing to comply with the court order to submit an affidavit.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The plaintiff's remaining claim is brought pursuant to 42 U.S.C. § 1983 and alleges that in June 2007 a prison official retaliated against him in violation of his constitutional rights. *Order and Judgment* [Doc. #14], pp. 9-13. Because the statute of limitations would bar the plaintiff's claim if dismissed, Hunt v. Bennett, 17 F.3d 1263, 1265-66 (10th Cir. 1994) (recognizing the two year statute of limitations for Colorado inmates), prior to recommending dismissal I must consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). Woodmore v. GitNGo, 790 F.2d 1497, 1499 (10th Cir.1986). Ehrenhaus requires consideration of:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Id. at 921 (internal quotations and citations omitted). "[D]ismissal represents an extreme

sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendants have suffered prejudice from the plaintiff's failure to comply with the district judge's order. The defendants have filed a motion to dismiss the Complaint based on the plaintiff's failure to comply with the court's order regarding payment of his filing fee [Doc. #13], and a motion to stay the case pending resolution of the motion to dismiss [Doc. #114]. The district judge found that on his release from prison, the plaintiff "must update the Court regarding his financial status" and ordered him to either pay the filing fee or file a motion to proceed *in forma pauperis* with an affidavit stating his assets and that his inability to pay the fee. *Order* [Doc. #120], p. 5. The plaintiff did not pay the fee, and he did not submit an affidavit regarding his financial assets. In the mean time, the defendants have been required to file an opening brief regarding the plaintiff's remaining claim. Thus, the defendants have incurred the expense of filing a motion to dismiss, a motion to stay, and an opening brief on the merits of the case.

In addition, the plaintiff's failure to submit a proper motion to proceed *in forma pauperis* has interfered with the judicial process. Instead of addressing the merits of this case, both the district judge and I have been forced to address the plaintiff's failure to comply with filing fee requirements.

The record demonstrates that the plaintiff is responsible for his failure to timely provide an affidavit regarding his financial status. The district judge provided him with a clear and simple directive to either pay the filing fee or submit a motion and an affidavit by July 25, 2011. Nevertheless, the plaintiff waited until August 1, 2011, to file a motion, and the motion did not include an affidavit.

On August 5, 2011, I ordered the plaintiff to show cause why this case should not be dismissed for failure to comply with the district judge's order, and I warned him that failure to show cause would result in my recommendation that this case be dismissed. In addition, in his order directing the plaintiff to either pay the filing fee or submit a motion and affidavit, the district judge cautioned the plaintiff that failure to comply with filing deadlines would likely warrant dismissal of this case. *Order* [Doc. #120], p. 5. Thus, he has received adequate warning that dismissal of the action would be a likely sanction for failing to comply with court orders.

A sanction less than dismissal would not be effective. The plaintiff states that he is without income and without the means to pay his filing fee. *Motion: Order to Show Cause, to Proceed in Forma Pauperis* [Doc. #125], ¶ 4. Therefore, a monetary sanction would be ineffective. In addition, he has ignored an unambiguous order, and he has failed to show cause for ignoring the order. His conduct demonstrates a lack of respect for the court and the judicial system. "The right of self-representation is not a license to abuse the dignity of the courtroom." Faretta, 422 U.S. at 834 n.46.

I respectfully RECOMMEND that this action be DISMISSED for the plaintiff's failure to comply with the district judge's order regarding the timely filing of a motion to proceed *in forma pauperis* and an affidavit stating his assets and that he is unable to pay the filing fee.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual

and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

       Dated August 26, 2011.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge